UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAQUAN ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>NAYVADIUS WILBURN, LLC, ET AL.,<br><br>Defendants. | Case No. 21-cv-03585<br><br>Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

Virginia recording artist DaQuan Robinson, who uses the stage name Gutta, wrote and recorded the song "When U Think About It" in January 2017. [61] ¶¶ 3, 19.[1] He registered the sound recording, music, and lyrics with the United States Copyright Office with an effective date of January 10, 2017. *Id.* ¶¶ 20–21. In July 2018, Nayvadius Wilburn—the hip-hop artist Future—released a song called "When I Think About It" that Robinson claims to have infringed his copyright in "When U Think About It." *Id.* ¶¶ 5, 55–78. The two songs have some similarities. Namely, they both conclude (or perhaps transition between) lines in the chorus with a similar five-word phrase and their lyrics have similar themes. But even put together, the similarities identified do not constitute a plausible allegation of *substantial* similarity, so the defendants' motion to dismiss [64] is granted. Amendment would be futile as the relevant songs and their lyrics cannot change. Thus, the case is dismissed with prejudice.

## BACKGROUND

The court recites the facts as alleged in the complaint and takes them as true. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Robinson registered his song "When U Think About It" with the Copyright Office in January 2017. [61] ¶¶ 20–21. A few months later, in April 2017, Robinson emailed a copy of the song to defendant Xavier Lamar Dotson, a hip-hop producer known professionally as Zaytoven. *Id.* ¶¶ 10, 24. Robinson sought to purchase a Dotson-composed musical piece (or "beat") over which Robinson would then rap. *Id.* ¶ 24. Dotson responded to Robinson with pricing if Robinson wished to purchase a beat. *Id.* ¶ 26. In July 2017, Robinson emailed a copy of "When U Think About It" to non-party Isam Mostafa, a recording artist known as Doe Boy who has a contractual

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the ECF page number.

relationship with defendant Wilburn. *Id.* ¶¶ 29–30. Robinson sought an introduction to Wilburn and requested that Mostafa forward the song to Wilburn, to which Mostafa responded with pricing for the service. *Id.* ¶ 30; [60] at 22.

"When U Think About It" is a song in which each line of the chorus concludes (or perhaps transitions) with the five-word phrase "when you think about it." *Id.* ¶ 82 (right column of chart). The song addresses themes including money, guns, jewelry, and other material possessions. [61] ¶¶ 82, 88, 90.

Wilburn is a well-known performing artist hailing from Atlanta, Georgia. *See id.* ¶ 5. He has had 167 songs reach the Billboard Hot 100, including ten in the top ten, and two that reached number one. *Future*, Billboard, https://www.billboard.com/artist/future/ (last visited Aug. 15, 2023). In July 2018, Wilburn released the song "When I Think About It." [61] ¶ 55. It featured on his 2018 album *Beast Mode 2*. *Id.* ¶ 26; FUTURE, *When I Think About It*, on BEASTMODE 2 (Epic Records 2018).

Like Robinson's song, Wilburn's "When I Think About It" concludes (or again, perhaps transitions between) most lines in the chorus with a five-word phrase— "when I think about it." [61] ¶ 82 (left column of chart). And like Robinson's song, Wilburn's has lyrics with references to guns ("got more guns than a terrorist"), jewelry and money ("got on a million dollars in jewelry"), and other material possessions ("Burberry," "Chanel," "Valentino," "Mercedes"). *Id.* Robinson also argues that the songs contain similar lyrical structures, tell a similar story, use the chorus's "core lyric" in a similar way, and are in the same key. [72] at 6.

Robinson sent a letter to Wilburn on or about July 25, 2019 alleging that "When I Think About It" infringed "When U Think About It". [61] ¶ 75. After not receiving a substantive response, Robinson sued Wilburn, Dotson, and several entities alleging that Wilburn's song infringed Robinson's copyright in violation of the Copyright Act of 1976. *See* [1] ¶ 1. A group of docket entries, [60], [61], and [62], now together serve as the operative complaint and attached exhibits, which the defendants moved to dismiss, [64] (motion to dismiss by certain defendants), [67] (other defendants joining the motion to dismiss). Robinson responded to the motion through a collection of filings, [71]–[75], that appear to have been prepared pro se, even though Robinson was represented by counsel at the time of the filings.[2] Robinson also filed a news article and short argument, [81], in response to the defendants' reply, [79].

---

[2] Robinson's counsel has since withdrawn. [86], [88].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015) (citation omitted).

## DISCUSSION

### I

To prove infringement of a copyright owner's exclusive right under 17 U.S.C. § 106(1), the owner must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2015) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The defendants do not challenge Robinson's ownership of a valid copyright. *See id.* They challenge only whether the complaint plausibly alleges that they copied Robinson's song in violation of the Copyright Act. The Seventh Circuit test for copying requires a plaintiff to show (1) "that the defendant had an actual opportunity to copy the original" and (2) "that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Id.* at 633–34. The defendants generally do not dispute their opportunity to copy the work, so the only issue to confront is whether the songs "share enough unique features" to "rise to the level of copyright infringement." *Id.* at 633–34, 635.[3]

---

[3] Some of the entity defendants argue that they were not involved in the alleged infringement at all and so must be dismissed. [66] at 10–11. This *a fortiori* includes an argument about opportunity. But the court need not address the entities' point because the complaint does not state a plausible infringement claim.

3

II

Robinson has not stated a plausible infringement claim. He identifies two similarities between the songs in the complaint. First, Robinson explains that the choruses in both songs end with a similar five-word phrase, "when I/you think about it." [61] ¶¶ 80, 82–86. Second, Robinson explains that the songs have similar thematic content, including guns, jewelry, and money. *Id.* ¶¶ 81, 87–90. In response to the motion to dismiss, Robinson argues that the songs have further similarities, including (1) their structure—"chorus/verse/chorus/verse/chorus"; (2) their *specific* theme—"a story about a person proving to those around him that he is better, despite a past full of hardships"; (3) the use of the "core lyric"—"to support the story being told in the lyrics"; and (4) the key—E. [72] at 6. None of these features is a protectable element of a song. And even considering the unprotectable elements in combination, the two songs share only "small cosmetic similarities," meaning that Robinson's infringement claim cannot survive the motion to dismiss. *Peters*, 692 F.3d at 636.

To determine whether a work is "substantially similar" to protectable expression, courts must filter out unprotectable elements of the original, then compare the works side by side to determine whether they are substantially similar, and thus whether the latter plausibly infringes the former. *See Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). Stated in reverse, if the copied elements are not protectable, then there can be no infringement claim. *Peters*, 692 F.3d at 632 (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010)). Copyright law protects only "original works of authorship," i.e., "those aspects of the work that originate with the author himself." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014) (quoting 17 U.S.C. § 102(a)).

None of the elements Robinson has identified in "When U Think About It" is protectable. First and most critically, the phrase "when you think about it" or "when I think about it" is not entitled to copyright protection. It is a fragmentary expression that is commonplace in everyday speech and ubiquitous in popular music. *See* [65-1] at 1–14 (providing numerous examples of these phrases in popular songs). The Seventh Circuit has held that short, commonplace phrases are not protectable elements of songs or other works. In *Peters*, the Seventh Circuit held the plaintiff's invocation of the Nietzschean aphorism "what does not kill me, makes me stronger" was not a protectable element of his song, in part due to its invocation in many other song lyrics. 692 F.3d at 635–36. And in *Hobbs v. John*, 722 F.3d 1089 (7th Cir. 2013), the Seventh Circuit explained that two songs' repetition of the phrases "to hold you" and "you'll never know" could not establish substantial similarity between them because the phrases are "commonplace,

4

standard, or unavoidable in popular love songs." *Id.* at 1096. As in *Peters* and *Hobbs*, Wilburn's use of "when I think about it" does not infringe Robinson's copyright due to Robinson's use of the phrase "when you think about it."[4]

That these phrases are used in similar places and in similar ways in both songs' choruses does not alter this conclusion. This proposition follows directly from *Peters*. There, the plaintiff's song opened its chorus (or "hook") with the line, "What don't kill me make me stronger." 692 F.3d at 635. The allegedly infringing song, "Stronger" by Kanye West, begins the chorus similarly: "N-N-N-now th-th-that don't kill me/Can only make me stronger." *Id.* Like the plaintiff's song, West's "Stronger" also rhymes "stronger" with "longer" and "wronger." *Id.* In this case, Robinson's song and Wilburn's song conclude or transition between chorus lines with "when you think about it" and "when I think about it" respectively. [61] ¶ 82. However, as *Peters* explained, using the similar phrase in the same place and in the same way does not make the two songs substantially similar. This case, in fact, is more straightforward than *Peters* because here, the choruses do not use similar rhyme schemes or identical words to rhyme with the common phrase. *Compare id.*, *with Peters*, 692 F.3d at 635–36.

Next, Robinson points to the songs having similar thematic content in the lyrics. This argument fits squarely within the "scènes-à-faire" doctrine. Where elements of a work are "indispensable, or at least standard, in the treatment of a given topic," they receive no protection. *Zalewski*, 754 F.3d at 102 (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980)); *see* 4 Nimmer, *supra*, § 13.03[B][4]. As defendants contend, the thematic elements that Robinson and Wilburn address—guns, money, and jewelry—are frequently present in hip-hop and rap music. *E.g.*, WU-TANG CLAN, *C.R.E.A.M. (Cash Rules Everything Around Me)*, *on* ENTER THE WU-TANG (36 CHAMBERS) (Sony Music Ent. 1993); THE NOTORIOUS B.I.G., *Machine Gun Funk*, *on* READY TO DIE (Bad Boy Records, LLC 1994); KANYE WEST FEAT. JAY-Z, *Diamonds From Sierra Leone - Remix*, *on* LATE REGISTRATION (UMG Recordings, Inc. 2005); *see generally* Cailin Dahlin, Counternarratives in Hip Hop Music: Themes of Marginalization (June 6, 2019) (University Scholars Honors Program, Seattle Pacific University). As defendants argue, the commonality of these themes in hop-hop and rap place the themes in the scènes-à-faire doctrine and outside the protections of copyright law.

---

[4] The First Circuit has described the principle that fragmentary phrases are unprotected as "axiomatic" in copyright law because those phrases "do not exhibit the minimal level of creativity necessary to warrant copyright protection." *CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1519 (1st Cir. 1996) (citing 1 Nimmer on Copyright § 2.01[B]; *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972)).

As to each of the similarities between the songs that Robinson identifies in response to the motion to dismiss, none is a protectable element. Robinson first points to the structure of the songs, as they both begin with the chorus and then alternate between the verse and the chorus. [72] at 6. This is a standard structure of a piece of popular music and is not a protectable element because it is so common and thus not an original work of authorship. *See, e.g.*, *Tisi v. Patrick*, 97 F. Supp. 2d 539, 543 (S.D.N.Y. 2000) (similarities in verse/chorus/bridge structure insignificant); *Griffin v. Sheeran*, 351 F. Supp. 3d 492, 497 (S.D.N.Y. 2019) (common structures not protected) (collecting cases).

Robinson next argues that the songs tell the same story, "a story about a person proving to those around him that he is better, despite a past full of hardships." [72] at 6. To the extent this accurately characterizes the lyrical content of the two songs, it still is unprotected because this general storyline exists in innumerable hip-hop songs. *E.g.*, Dahlin, *supra*, at 26–27 (discussing, *inter alia*, KENDRICK LAMAR & DR. DRE, *Compton*, *on* GOOD KID, M.A.A.D CITY (Aftermath/Interscope 2012)). This storyline-copying argument often arises in copyright cases involving traditionally narrative media. *See Marcus v. ABC Signature Studios, inc.*, 279 F. Supp. 3d 1056, 1067 (C.D. Cal. 2017) (holding that high-level plot similarities in television show were not protected by copyright law); *cf. Cavalier v. Random House, Inc.*, 297 F.3d 815, 824 (9th Cir. 2002). Indeed, "a story about a person proving to those around him that he is better, despite a past full of hardships," [72] at 6, is general enough that it could also describe the plot of famous works of American literature, *e.g.*, F. SCOTT FITZGERALD, THE GREAT GATSBY (1925). It is too common a narrative to be protectable.

Third, Robinson explains that in both songs, the "core lyric" in the chorus is used to support the main storyline. Again, however, this basic element of popular songwriting is not a protectable element of Robinson's "When U Think About It." Take, for example, a famous song from a different genre, "Our House" by Crosby, Stills, Nash & Young. CROSBY, STILLS, NASH & YOUNG, *Our House*, *on* DEJA VU (Atl. Recording Corp. 1970). The core lyric, "our house is a very, very, very fine house," is used to support the entire rest of the song, which uses the house and its constituent elements as the setting for the narrator's relationship. *Id.*; *see also* CROSBY, STILLS, NASH & YOUNG, *Ohio*, *on* OHIO/FIND THE COST OF FREEDOM (Atl. Recording Corp. 1970).

This songwriting technique is not unique to Robinson, nor mid-century Canadian-American bands that feature intricate vocal harmonies. The mere use of a "core lyric" to support a song's storyline is not a protectable element because it is a frequently utilized technique in popular songwriting.

Last, Robinson argues that the songs are substantially similar because both his song and Wilburn's are in the key of E. [72] at 6. Many courts have held that a song's key is not a protected element because the key does not make a song distinct. *E.g.*, *Tisi*, 97 F. Supp. 2d at 548–49; *Gray v. Perry*, No. 2:15-cv-05642, 2020 WL 1275221, at *6 (C.D. Cal. Mar. 16, 2020), *aff'd sub nom. Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022); *Griffin*, 351 F. Supp. 3d at 497. The court agrees. The key of the song is not protectable because it lacks sufficient originality to be deemed an "original work[] of authorship." 17 U.S.C. § 102(a).

Theoretically, all these individually unprotected elements might, in combination, create a plausible allegation of substantial similarity. In *Peters*, the Seventh Circuit reviewed all the elements it had first analyzed separately, together. 692 F.3d at 636. But "[e]ven viewing all of the[] elements in combination," the court concluded that Kanye West's "Stronger" did not plausibly infringe the plaintiff's copyright because the two songs shared "only small cosmetic similarities." *Id*. The same is true here. As defendants contend, the two songs share a similar, commonly used phrase in the chorus and utilize similar themes that exist throughout the genre they share. The songs are also in the same key, have the same "chorus/verse/chorus/verse/chorus" structure, and use the same "core lyric" to support the songs' storylines. These are "small cosmetic similarities" and thus their combination does not raise a plausible inference of unlawful appropriation. *Id.* [5]

---

[5] Assessing similar claims, some courts have utilized a "total look and feel" or "total concept and overall feel" test to determine whether the allegedly infringing song is substantially similar to the original. *E.g.*, *Pyatt v. Raymond*, No. 10-cv-8764, 2011 WL 2078531, at *5, 7, 9 (S.D.N.Y. May 19, 2011). The Seventh Circuit has endorsed the approach in cases involving visual or audiovisual media. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 510–11 (7th Cir. 1994); *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 939, 942 (7th Cir. 1989); *Atari, Inc. v. Amusement World, Inc.*, 672 F.2d 607, 619–20 (7th Cir. 1982). However, the test has come under sustained criticism from leading treatise writers and is generally fading from the copyright lexicon. 4 Nimmer, *supra*, § 13.03[A][1][c]; 3 Patry on Copyright § 9:71. Recent Seventh Circuit caselaw has emphasized that the leading case applying this test, *Atari*, did not use the "total concept and feel" language as the sole test for infringement; *Atari* recognized that the copyright laws "preclude appropriation of *only those elements of the work that are protected by the copyright*." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1105 (7th Cir. 2017) (quoting *Atari*, 672 F.2d at 614) (emphasis in *Design Basics*). Consistent with *Peters*, the court, having first assessed whether each individual element in Robinson's song is protectable and concluded that each element is not, then assesses whether the combination of the elements in Robinson's song is itself protectable and concludes that it is not.

## CONCLUSION

      Defendants' motion to dismiss [64] is granted and the case is dismissed with prejudice. Ordinarily, the court would grant leave to amend on a first dismissal, but here, amendment would be futile because the relevant songs and their lyrics cannot change. *See Frazier v. City of Philadelphia*, 778 F. App'x 156, 159 (3d Cir. 2019) (per curiam); *Shull v. TBTF Prods., Inc.*, No. 20-3529, 2021 WL 3027181, at *3 (2d Cir. July 19, 2021) (order). The Clerk of Court is directed to enter final judgment and terminate the case.

Dated: August 25, 2023                  <u>/s/ Martha M. Pacold</u>